Matthias, J.,
 

 dissenting. I fully concur in the majority opinion wherein it states the legal principle pertinent to this case, which is that “tax exemption statutes are to be strictly construed. ’ ’
 

 I dissent, however, from the action of the majority in discarding that well established principle in the consideration and decision of this case. The rule that exceptions to a general law are to be strictly construed is likewise applicable.
 

 The items of property involved, which are enumerated in the statement of facts and need not be here repeated, were in my opinion used primarily not as instrumentalities for processing, but rather for the transportation of crushed stone to storage piles in appellee’s yards a considerable distance from the screens.
 

 As these storage piles were made, under the law of gravitation the larger stone rolled down to the bottom of the pile. There was no subjection of the crushed stone to any manner of treatment except a so-called washing “which is done in' the mill at the crushing operation;” nor was there any transformation of the
 
 *460
 
 stone after leaving the screens. If there was any processing, that had been accomplished by the stone-crashing machinery which is not involved in the question of tax exemption.
 

 The property involved in this case other than that used in the transportation of crushed stone consisted of movable shovels, loaders, etc., used to load trucks and railroad cars from the crushed stone storage piles for shipment or delivery of the crushed stone to appellee’s customers.
 

 The operators of the movable shovels and loaders consummated the claimed processing by scooping from the bottom, the side or the top of the piles of stone as required to meet the specifications of customers. It requires an expansion of any definition of the term to properly denominate such action as “processing.”
 

 The conclusion that the property enumerated was used
 
 directly
 
 in. processing and therefore exempt from the state sales and use taxes was entirely unwarranted. The decision of the Board of 'Tax Appeals should be reversed.
 

 Zimmerman and Bell, JJ., concur in the foregoing dissenting opinion.-